UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LL NJ, INC., et al.,

        Plaintiffs,

v.

NBC, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 06-14312

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING NBC DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT REPORT FILED AFTER THE CLOSE OF DISCOVERY

NBC Defendant's Motion to Strike Plaintiffs' Expert Report Filed After the Close of Discovery was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on May 29, 2007. Having reviewed Defendant's Motion, together with Plaintiffs' Response and Defendant's Reply, and having had the benefit of argument, I find that the Motion should be denied.

The Case Management and Scheduling Order entered in this cause on November 8, 2006 required Plaintiffs to complete expert disclosure by January 5, 2007, and further required Defendants to complete expert disclosure by February 16, 2007. The Order contained no specific provision governing Plaintiffs' obligation to make disclosure of rebuttal expert witnesses. The Amended Case Management and Scheduling Order entered on February 5, 2007 made no change in the parties obligations regarding expert witnesses. Defendants maintain that the absence of specific provisions in the Scheduling Orders regarding rebuttal experts evidences the court's intent that such testimony would not be permitted in the case. Fed.R.Civ.P. 26(a)(2)(C), however, establishes a default procedure

with regard to expert witnesses whose evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under subsection (2)(B). The default provision applies in the absence of contrary directions from the court or stipulation by the parties. Accordingly, I find that the provisions of the Rule establish Plaintiffs' obligation to make rebuttal expert disclosures in this case.

Defendant's Motion does not allege that Plaintiffs were untimely in its disclosures with respect to expert witnesses whose evidence is to be offered in Plaintiffs' case-in-chief. Further, it is undisputed that NBC disclosed its retention of Dr. Shan Baker as a plastic surgery expert on February 16, 2007. Pursuant to a Stipulation, Dr. Baker's expert report was served upon Plaintiffs' counsel on March 26, 2007. On April 23, 2007, less than thirty days thereafter, the Plaintiffs served upon Defendant's counsel the expert report of Dr. James Koch, whom Plaintiffs intend to call at trial in rebuttal of the anticipated testimony of Dr. Baker. Because Dr. Koch's report was served within the period required under Fed.R.Civ.P. 26(a)(2)(C), I find that such service was timely, notwithstanding the fact that the discovery deadline had passed.

NBC maintained at oral argument that the report of Dr. Koch is in no reasonable sense a "rebuttal" to the conclusions stated in Dr. Baker's report. The argument is not insubstantial, in that Dr. Koch's report makes no mention of Dr. Baker's report or conclusions. I do not find, however, that the striking of Dr. Koch's report is warranted at this juncture. Plaintiff's counsel represented at the hearing that any expert testimony offered by Dr. Koch at trial would be limited to the rebuttal of testimony offered by Dr. Baker. Any effort on Plaintiffs part to offer Dr. Koch's testimony for any other purpose would be subject to proper objection. Dr. Koch should not be permitted to offer opinions

2

which are not reflected in his written report.  While I have doubts regarding the "rebuttal" nature of the information in Dr. Koch's report, the precise contours of any limitations to be imposed on his trial testimony are best determined by the trial judge after Dr. Baker's testimony has been received.

NBC's counsel has correctly observed that discovery is closed.  I conclude that the default provisions of Fed.R.Civ.P. 26(a)(2)(C) were, through inadvertence, not considered in establishing the discovery deadline.  Fairness requires that defense counsel have an opportunity to explore Dr. Koch's rebuttal opinions prior to trial.

IT IS THEREFORE ORDERED that NBC Defendant's Motion to Strike Plaintiffs' Expert Report Filed After the Close of Discovery is denied, subject to the right of Defendants to conduct the deposition of Dr. James Koch within thirty days of the date of this Order, or at such other time upon which the parties may agree.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: May 31, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 31, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 31, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217